UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT KANAM,

           Plaintiff,

v.

CITY OF TUMWATER et al,

           Defendants.

CASE NO. 3:20-cv-05786-JRC

REPORT AND RECOMMENDATION

NOTED FOR: November 20, 2020

The District Court has referred this civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

On September 11, 2020, the undersigned ordered plaintiff to show cause why his remaining claims should not be dismissed for failure to serve. Dkt. 14, at 1–2. The undersigned noted that plaintiff had paid the filing fee (so that he is responsible for serving defendants) yet that there was no indication that plaintiff had served the remaining defendants in this matter. Dkt. 14, at 1–2. Although Federal Rule of Civil Procedure 4 requires service within 90 days of

filing the complaint, more than seven months had passed since plaintiff filed the complaint. Dkt. 14, at 1–2. Plaintiff was therefore ordered to "show cause regarding why this case should not be dismissed without prejudice for failure to timely serve." Dkt. 14, at 2.

Plaintiff has failed to response to the Court's Order and, as noted in the show cause order, has provided no indication that he has served the remaining two defendants in this matter. Accordingly, the Court recommends that this matter be dismissed without prejudice for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).

**CONCLUSION**

The undersigned recommends that the complaint be dismissed without prejudice and that the matter be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 20, 2020,** as noted in the caption.

Dated this 3rd day of November, 2020.

_____
J. Richard Creatura
United States Magistrate Judge